IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KIMBERLY WIGGINS**                                                                                         **PLAINTIFF**

vs.                                                        CIVIL ACTION No.: 3:20-CV-281-HTW-LGI

**P & S TRANSPORTATION, LLC;**
**DT FREIGHT, LLC; TORIS JOHNSON;**
**and JOHN DOES A THROUGH E**                                                    **DEFENDANTS**

<u>**ORDER DENYING PARTIAL SUMMARY JUDGMENT**</u>

BEFORE THIS COURT is the plaintiff's Motion for Partial Summary Judgment **[Docket no. 68]**. Plaintiff Kimberly Wiggins (hereinafter referred to as "Wiggins") asserts that the undisputed evidence in the lawsuit *sub judice* presents no genuine issue of material fact as to the issue of liability and asks this court to find defendants liable, submitting only the question of damages to the final trier of fact. Defendants, aggrieved at Wiggins' argument, responds that the relative speeds of the parties at the time of the collision is disputed and presents a genuine dispute of material fact as to liability.

  **I.**  **FACTUAL ASSERTIONS**

On Dec. 30, 2018, Wiggins, who is a resident of the State of Texas, was returning home from dropping off her children in Alabama at their father's house. Wiggins was driving a 2020 Mazda 6 west on Interstate 20 near Vicksburg, Mississippi. Defendant Toris Johnson (hereinafter referred to as "Johnson"), a resident of the State of Ohio and driver of a commercial truck for DT Freight, was also travelling west on Interstate 20 near Vicksburg, Mississippi, hauling steel beams weighing 74,000 pounds. Johnson changed lanes from the right lane of traffic into the left lane of traffic, then occupied by Wiggins' vehicle, striking Wiggins' vehicle and dragging her vehicle

across the interstate and into the median. This court has dismissed P&S and Johnson from this lawsuit without prejudice, due to a stipulation of dismissal by the parties.

Johnson, the DT driver, admitted the following: (a) that he was talking on his phone, allegedly to an old buddy from Florida, on a clear dry day; (b) that he did not see the Wiggins' vehicle in his mirrors; (c) that he pulled into the left hand lane Wiggins occupied, and; (d) that he struck Wiggins somewhere just behind his cab, pulling her vehicle into the median.

Wiggins asserts that she testified at her deposition that she was travelling 70 miles per hour: however, the record is in dispute as to that assertion. Defendants say that during her deposition, Wiggins testified she did not remember her rate of travel at the time of the collision. Defendants further allege that Wiggins previously had told two (2) different persons that she had been travelling above the speed limit.

## II.  JURISIDICTION

Federal courts are courts of limited jurisdiction. The parties have not challenged whether this court possesses subject matter jurisdiction. This court, nevertheless, has an independent obligation to verify it possesses subject matter jurisdiction.[1]

---

[1] Federal courts are obliged to examine the basis for the exercise of federal subject-matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A federal district court may examine its subject-matter jurisdiction over a matter, *sua sponte*, at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) (a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2007). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (emphasis added).
*Dean v. Mozingo*, 521 F. Supp. 2d 541, 551 (S.D. Miss. 2007)(overturned on other grounds).

Federal civil jurisdiction principally arises under Title 28 U.S.C. § 1332[2] and §1331[3]. The former is commonly referred to as diversity jurisdiction, while the latter is hailed as federal question jurisdiction. Wiggins filed her lawsuit in this federal forum alleging that this court possesses diversity of citizenship subject matter jurisdiction.

Diversity of citizenship subject matter jurisdiction requires the matter in controversy to "exceed[] the sum or value of $75,000, exclusive of interest and costs," and complete diversity of citizenship between plaintiff and defendants. *See* Title 28 U.S.C. § 1332. "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Stafford v. Mobile Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *Id.*; *see also Powell v. Abney*, 83 F.R.D. 482, 487 (S.D. Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."). The court cannot assume diversity of citizenship exists; the parties cannot even stipulate to its existence; nor waive it. *Elam v. Kansas City Southern Ry. Co.* 635 F.3d 796, 802 (5th Cir. 2011).

---

[2] (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

    (1) citizens of different States;

    (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

    (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

    (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C.A. § 1332 (West)

[3] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
28 U.S.C.A. § 1331 (West)

Where a plaintiff's complaint demands unspecified punitive damages, this court may take that demand to satisfy the amount in controversy requirement of Title 28 U.S.C. § 1332, when combined with the compensatory damages. *See Alexander v. DLJ Mortg. Cap., Inc.*, No. 3:15CV293TSL-RHW, 2015 WL 3905250, at *2 (S.D. Miss. June 25, 2015). Plaintiff's complaint does not seek a specific amount of damages, but seeks compensatory and punitive damages "reasonably believed to be in excess of this Court's jurisdictional minimum." [Docket no. 1].

Plaintiff Wiggins is a resident of the State of Texas. Defendant P&S Transportation (hereinafter referred to as "P&S") is a corporation organized under the laws of the State of Delaware. Defendant DT is a corporation organized under the laws of the State of Alabama. Defendant Johnson is a resident of the State of Ohio.

This court finds that the parties are completely diverse and the amount in controversy requirement of 28 U.S.C. § 1332 has been satisfied. Accordingly, this court holds that it possesses diversity of citizenship subject matter jurisdiction.

### III. VENUE

The lawsuit *sub judice* presents an unusual factual basis in that no party is domiciled in, or a resident of, the State of Mississippi. Accordingly, this court must determine whether venue is appropriate in this federal forum. The general venue statute provides, in relevant part, that venue is proper in:

> (b) Venue in general.--A civil action may be brought in--
>     (2) a judicial district in which a substantial part of the events or omissions
>     giving rise to the claim occurred, or a substantial part of property that is the
>     subject of the action is situated […]

28 U.S.C.A. § 1391 (West).

Wiggins' complaint alleges that the automobile collision occurred on Interstate 20 in Vicksburg, Mississippi. The complaint makes no allegations of any other tortious or otherwise

actionable conduct that occurred outside of the State of Mississippi. The City of Vicksburg, Mississippi, lies in Warren County, Mississippi which is part of the Northern Division of the Southern District of Mississippi. Accordingly, venue is proper in this court.

IV.   ANALYSIS

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008). This court must take all reasonable inferences in the light most favorable to the party opposing summary judgment, and any doubt must be resolved in favor of the non-moving party. *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012).

The State of Mississippi is a pure comparative-negligence state. *Coho Res., Inc v. Chapman*, 913 So.2d 899, 911 (Miss. 2005).

> Under the comparative negligence doctrine, negligence is measured in terms of percentage, and any damages allowed shall be diminished in proportion to amount of negligence attributable to the person for whose injury, damage or death recovery is sought. *Burton ex rel. Bradford v. Barnett*, 615 So.2d 580, 582 (Miss.1993). Where negligence by both parties is concurrent and contributes to injury, recovery is not barred under such doctrine, but plaintiff's damages are diminished proportionately, even to the extent that negligence on the part of the plaintiff was ninety percent (90%) and on the part of the defendant was ten percent (10%), the plaintiff would be entitled to recover theoretically that ten percent. *Id*. Therefore, a plaintiff, though himself negligent, may still recover from a defendant whose negligence contributed to his injuries. *Blackmon*, 510 So.2d at 486. Comparative negligence thus diminishes, but does not bar recovery. *Bell*, 467 So.2d at 664.

*Id.*

Under Mississippi's comparative-negligence doctrine, "juries are permitted to consider whether 'negligence by both parties is concurrent and contributes to injury.'" *Smith v. Waggoners Trucking Corp.*, 69 So.3d 773, 780 (Miss. App. 2011) (quoting *Coho Res., Inc. v. Chapman*, 913 So.2d 899, 911 (Miss. 2005)). Negligence and comparative negligence are questions for the jury. *Upchurch ex. Re. Upchurch v. Rotenberry*, 761 So.2d 199, 204 (Miss. 2000).

The burden of proving the affirmative defense of comparative negligence lies squarely upon the Defendant. *See* Miss. Code Ann. § 85-5-7(2)[4]; *see also Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 490 (5th Cir. 2008) (holding that Section 85–5–7 is an affirmative defense; the defendant bears the burden of providing proof sufficient to establish fault attributable to a third party).

In order for any negligence to act as a factor in the diminution of a Plaintiff's damages, that negligence must be a proximate cause of the collision. *Dillon v. Greenbriar Digging Serv. Ltd.*, 919 So.2d 172, 177 (Miss. Ct. App. 2005)." *Humphries v. Virlilia Rd. Conservation Grp*. LLC, 276 So. 3d 1272, 1276 (Miss. Ct. App. 2018). The negligence must be a substantial factor as well. *Id.*; *see also Davis v. Christian Bd. Homes of Jackson, Miss. Inc*., 957 So.2d 390, 406 (¶ 38) (Miss. Ct. App. 2007).

Wiggins rebuttal brief to defendants' response in opposition aims to support her motion for partial summary judgment. Her arguments, though, sound more in the nature of a closing argument to be presented to a jury after a trial on all the facts, not as a response to a motion for summary

---

[4] (2) Except as otherwise provided in subsection (4) of this section, in any civil action based on fault, the liability for damages caused by two (2) or more persons shall be several only, and not joint and several and a joint tortfeasor shall be liable only for the amount of damages allocated to him in direct proportion to his percentage of fault. In assessing percentages of fault an employer and the employer's employee or a principal and the principal's agent shall be considered as one (1) defendant when the liability of such employer or principal has been caused by the wrongful or negligent act or omission of the employee or agent.
Miss. Code. Ann. § 85-5-7 (West)

6

judgment. She argues facts. To this court's eye, Wiggins has not presented a viable motion for partial summary judgment. Wiggins' speed potentially could present a contributory factor in a fact finder's determination of liability. Her assertions contained in her rebuttal, without expert opinion support[5], about relative speeds, point of impact, and the alleged totality of the facts, only underscore the need for a trier of fact to determine the factual underpinnings of the lawsuit at bar. *See Hiltgen v. Sumrall*, 47 F.3d 695, 702 (5th Cir. 1995) (The parties presented evidence, including expert testimony, regarding the relative speeds of the two vehicles, the time plaintiff had to react, and the time an average person would have needed to react and avoid the collision.); *see also Whiddon v. Smith*, 822 So. 2d 1060, 1064 (Miss. Ct. App. 2002) (finding the jury could accept or reject the assumptions as to relative speeds of the two vehicles made by the expert witness).

## V.   CONCLUSION

**IT IS, THEREFORE, ORDERED that plaintiff's Motion for Partial Summary Judgment [Docket no. 68] is hereby DENIED. This lawsuit will proceed to trial or settlement.**

**SO ORDERED this the 10th day of June, 2021.**

s/ **HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**

---

[5] This comment should not be construed as the court's edict that plaintiff must have an expert witness; she may be able to prove her case without expert testimony unless her presentation requires the expertise of an expert, or stipulated facts, or facts admitted by the defendant.